# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICHARD SHORT, | : | |
| Plaintiff, | : | |
| | : | Case No. 3:05CV001 |
| vs. | : | District Judge Walter Herbert Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| JAVITCH, BLOCK, & RATHBONE, LLP, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Richard Short filed a *pro se* Complaint and paid his filing fee on January 4, 2005. Plaintiff Short identified himself and all others similarly situated as the plaintiffs. Plaintiff Short signed the Complaint in his name and did not list or identify any similarly situated person. The Complaint names as the defendants Javitch, Block & Rathbone, LLP and several individual attorneys.

Plaintiff Short alleged in his Complaint that Defendants were involved in "the debt collection fraud racket...." (Doc. # 1 at 2) in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961 and 1962. (Doc. #1 at 4). Plaintiff Short seeks, among other remedies, an Order of Dissolution of Defendant Javitch, Block & Rathbone, LLP,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

and treble damages. *Id*. at 8.

On January 20, 2005, in response to the Complaint, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim. (Doc. #2). The Court provided Plaintiff Short with Notice of the Motion to Dismiss and informed Plaintiff Short that his response was due not later than February 14, 2005. (Doc. #3). Before this deadline arrived, Defendants filed a Motion for Leave to Supplement their Motion to Dismiss (Doc. #4) and Plaintiff Short filed a Memorandum in Opposition (Doc. #5). On January 25, 2005, the Court granted by notation Order Defendants' Motion for Leave to Supplement.

Plaintiff Short did not file a Memorandum in Opposition to Defendants' original Motion to Dismiss and has not otherwise prosecuted this case since he opposed Defendants' Motion for Leave to Supplement. Consequently, on April 7, 2005, the Court ordered Plaintiff Short to show cause, on or before April 25, 2005, why Defendants' Motion to Dismiss should not be granted on its merits or due to Plaintiff Short's failure to prosecute. Plaintiff Short did not respond to the Order to Show Cause.

District Courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Because Plaintiff Short failed to respond to the Order to Show Cause and because he has otherwise failed to prosecute this case since opposing Defendants' Motion to for Leave to Supplement, dismissal of the Complaint is warranted. *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630-31.

2

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff Richard Short's Complaint be DISMISSED under Fed. R. Civ. P. 41(b) due to his failure to prosecute;

2. Defendants' Motions to Dismiss (Doc. # 2, # 7) be DENIED as moot; and

3. The case be terminated on the docket of the Court.


May 20, 2005

                 s/ Sharon L. Ovington
                 Sharon L. Ovington
                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).